83 F.3d 430
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Josephine ROMO-GOMEZ, Defendant-Appellant.
 No. 95-10430.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Josephine Romo-Gomez appeals the district court's denial of her motion to suppress marijuana seized by a border patrol agent from a car Romo-Gomez was driving. Following the denial of the motion to suppress, Romo-Gomez entered a conditional guilty plea to possession with intent to distribute. Romo-Gomez contends that the district court erred by finding that her encounter with the border patrol agent was not an investigatory stop. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "Whether an encounter between an individual and law enforcement authorities constitutes an investigatory stop is a mixed question of law and fact subject to de novo review." United States v. Kim, 25 F.3d 1426, 1430 (9th Cir.), cert. denied, 115 S.Ct. 607 (1994). "Factual determinations underlying this inquiry are reviewed for clear error." Id. "Questioning by law enforcement officers constitutes an investigatory stop only if in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." Id. (quotations omitted). "Absent indicia of force or aggression, a request for identification or information is not a seizure or investigatory stop." Id.
 
 
 4
 Viewing the totality of the circumstances, the district court found that the border patrol agent approached Romo-Gomez after she exited her vehicle, identified himself and asked if he could ask her questions. The agent then proceeded to request identification and vehicle information, which Romo-Gomez freely provided. While the consensual nature of the encounter is disputed, "the district court's account of the evidence is plausible in light of the record viewed in its entirety." See United States v. Matta-Ballesteros, 71 F.3d 754, 764 (9th Cir.1995). Accordingly, we are bound by the district court's findings that the stop was consensual, and did not constitute an investigatory stop. See id.; see also Kim, 25 F.3d at 1430. The district court did not err in denying the motion to suppress. See Kim, 25 F.3d at 1430.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3